UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. ORDER

Net2Phone, Inc.,
a Delaware Corporation,

Defendant. Civ. No. 00-1627 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 28th day of August, 2001.

* * *

On August 23, 2001, the Court heard argument on the Plaintiff's Motion to Amend the Complaint. At the time of the Hearing, the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech") appeared by Misti Nelc and Ken R. Hall, Esqs., and the Defendant Net2Phone, Inc. ("Net2Phone"), appeared by Michael R. Casey, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we grant the Plaintiff's Motion to Amend.

Multi-Tech seeks to amend its Complaint, in order to add a claim of willful infringement, as it contends that Net2Phone has continued its infringing activities even after it learned of Multi-Tech assertions of infringement. The deadline in this case for

(43)

FILED AUG 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

amending the pleadings is thirty days after the close of fact discovery, or September 22, 2001.

Multi-Tech contends that Net2Phone has known about its contention regarding Net2Phone's alleged infringement of four of Multi-Tech's patents since the inception of this lawsuit in February of 2000. However, Net2Phone still continues to offer the allegedly infringing product to consumers, and has not produced an attorney opinion as a potential shield to a willfulness claim.[1] Net2Phone argues, though, that the addition of the willfulness claim would be prejudicial to its interests, and that, consequently, we should deny the Motion to Amend. We disagree.

1. Standard of Review. Where, as here, a Plaintiff seeks to amend its Complaint, Rule 15(a), Federal Rules of Civil Procedure, dictates that leave to amend shall be "freely given when justice so requires." DeRoche v. All American Bottling Corp., 38

---

[1]Multi-Tech stresses, however, that the presence of an attorney opinion should not prevent the requested amendment, as such an opinion is only one factor in determining willful infringement. See, Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1580 (Fed. Cir. 1992)("It is well settled that a potential infringer having actual notice of another's patent has an affirmative duty of due care that normally requires the potential infringer to obtain competent legal advice before infringing or continuing to infringe," but "legal advice is only one factor to be considered, and an opinion of counsel does not guarantee against a finding of willfulness.").

F. Supp.2d 1102, 1105-06 (D. Minn. 1998). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, ARE Sikeston v. Weslock National, Inc., 120 F.3d 820, 832 (8th Cir. 1997); Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

Although we begin with a presumption of liberality, the right to amend is not absolute, see, Floyd v. State of Missouri Dept. of Social Services, Div. of Family Services, 188 F.3d 932, 939 (8th Cir. 1999), and an amendment to a pleading can be successfully challenged on the grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted. See, Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989); Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983); but cf., Karl's Inc. v. Sunrise Computers, Inc., 901 F.2d 657, 660

(8th Cir. 1990)("colorable showing" sufficient to withstand application of clearly frivolous rule).

2. Legal Analysis. Net2Phone argues that we should deny the Motion to Amend because it will be prejudiced by the proposed amendment. As we explained at the Hearing, however, the Motion is timely, under the Pretrial Order, and there has been no other showing of prejudice. As we further noted, this amendment does not extend the other deadlines in the Pretrial Order, such as the discovery deadline, so, as the discovery deadline has just passed, any party who needs additional discovery due to this amendment, or any other reason, will need to obtain leave from the Court. In this instance, we cannot conceive of who, other than Multi-Tech, would need discovery on this issue, and Net2Phone has not identified any discovery that it requires. Therefore, finding no merit in Net2-Phone's arguments against the proposed amendment, we grant Multi-Tech's Motion to Amend.[2]

---

[2]Net2Phone argues that, if we allowed the proposed amendment, the amendment cannot be asserted under Rule 15(c), which allows relation back of an amendment to the original Complaint, but, rather, that the amendment must be deemed a supplemental pleading, as the "transactions or occurrences or events * * * happened since the date of the pleading sought to be supplemented." Rule 15(d), Federal Rules of Civil Procedure. Net2Phone has not cited any cases which support such a proposition, however. Moreover, as Net2Phone's duty of "good faith" arose at the time that it learned of the alleged infringement, we find that an amendment for willful infringement is properly under the confines of Rule 15(c), rather (continued...)

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Amend the Complaint [Docket No. 36] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[2](...continued) than Rule 15(d).