UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. ORDER

Net2Phone, Inc.,
a Delaware Corporation,

Defendant. Civ. No. 00-1627 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of November, 2001.

* * *

On September 27, 2001, the Court heard argument on the Plaintiff's Motion for a Protective Order and to Stay Discovery, as well as on the Defendant's corresponding informal Motion to Compel. For purposes of these Motions, the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech") appeared by Ronald J. Schutz, Esq., and the Defendant Net2Phone, Inc. ("Net2Phone") appeared by Kenneth T. Uccinelli, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we grant, in part, the Plaintiff's Motion for a Protective Order and to Stay Discovery and, obversely, and to the same extent, we grant the Defendant's informal Motion to Compel.

FILED NOV 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

56

Multi-Tech seeks a Protective Order and a stay of discovery, as it contends that it should not have to answer several of the discovery requests advanced by Net2Phone, either because the requests are inappropriate, or because they should be resolved in a different manner. In particular, Multi-Tech asserts that Net2Phone failed to timely serve its Second Set of Requests for Admission; that the Second Set of Requests for Admission, and a majority of Net2phone's Interrogatories, relate to claim construction, which should be done in accordance with a more streamlined procedure; that Net2Phone's Interrogatories, including discrete subparts, exceed the 100 allowed by our Pretrial Order; and that some of Net2Phone's Rule 30(b)(6) deposition topics are inappropriate.

The overarching issue in this case is Multi-Tech's assertion that claim construction should be accomplished through a more streamlined procedure, rather than through a combination of the various discovery mechanisms available under the Federal Rules of Civil Procedure. Thus, Multi-Tech seeks a Protective Order, and a directive to stay discovery, thereby preventing it from having to respond to discovery requests regarding claim construction.

We agree that the parties should initially utilize a more productive, and streamlined procedure for claim construction. To that end, we direct the parties to develop a pragmatic, workable

alternative, through the use of claim charts, so as to address any disagreements they may have on the issue of claim construction. The respective claim charts should have a signature block for execution, by a responsible person for the respective party, so that the claim charts will have the binding effect of an Answer to an Interrogatory. If, after the exchange of the claim charts, there is still a demonstrated need for Rule 30(b)(6) depositions, contention Interrogatories, or other discovery devices, so as to prepare for any potential Markman Hearing, then the parties are at liberty to approach the Court for leave to complete that discovery on an expedited basis. We believe that this procedure will best assist not only the parties, but also the Court. While we acknowledge that, ultimately, how a claim will be construed is a matter for the Court to decide, see Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995), and although we remain of the view that a Markman Hearing is not an essential prerequisite to claim construction in every case, we do believe that, at a minimum, the parties should have a common understanding as to the boundaries of the claim construction contest. Absent such an understanding, the District Court will be confronted with assertions of surprise, and with requests for further discovery -- a prospect we find untenable.

Thus, in regard to Multi-Tech's Motion for a Protective Order, and to stay discovery, we grant the Motion, to the extent that the discovery requests involve claim construction, which appear to be comprise a majority of those requests. Therefore, as for Multi-Tech's assertion that Net2Phone's Interrogatory requests exceeded the 100 allowed by our Pretrial Order, we believe that the issue is moot, as Multi-Tech only needs to answer the first 100 Interrogatories, counting discrete subparts as separate Interrogatories, which do not deal with claim construction. Moreover, the disagreement concerning the topics covered by the Rule 30(b)(6) depositions also appears to involve claim construction, and is similarly mooted by our directive to the parties. Consequently, we deny the Defendant's informal Motion to Compel, which related to a Rule 30(b)(6) deposition.

The only remaining issue, then, is whether Multi-Tech must answer Net2Phone's Second Requests for Admission, to the extent that the requests do not relate to claim construction. In particular, Multi-Tech contends that the Requests were not timely served, as discovery in this cased ended on August 22, 2001, and the requests were not served until July 23, 2001, via facsimile and the United State mail service. Consequently, Multi-Tech contends, with general support in the law, that the faxed copy of Net2Phone's Second Set of Requests for Admission was not properly served pursuant to

Rule 5(b), Federal Rules of Civil Procedure,[1] and that, in accordance with Rule 6(e),[2] Multi-Tech had three additional days in which to respond, which places the response due on August 25, 2001. Consequently, as the discovery responses were not due within the

---

[1]Rule 5(b) currently provides as follows:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the party or attorney or by mailing it to the party or attorney at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to a party, or leaving it at the attorney's or party's office with a clerk or other person in charge thereof, or, if there is no one in charge, leaving it in a conspicuous place therein; or if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing.

Rule 5(b), Federal Rules of Civil Procedure.

[2]Rule 6(e) provides as follows:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Rule 6(e), Federal Rules of Civil Procedure.

time frame for discovery, Multi-Tech asserts that it does not have to answer these requests. Although Net2Phone agrees that telefacsimile is not an acceptable form of service, it argues that Multi-Tech is estopped from demanding strict compliance with Rule 5(b), as it has previously accepted service by fax.

Case authority, it appears universally, accepts the proposition that service by telefacsimile does not comply with Rule 5(b). See, Magnuson v. Video Yesteryear, 85 F.3d 1424, 1429 (9th Cir. 1996); Switzer v. Sullivan, 1996 WL 52911 at *1 (N.D. Ill. February 5, 1996); Mushroom Assocs. v. Monterey Mushrooms, Inc., 1992 WL 442898 at *4 (N.D. Cal. August 21, 1992); Salley v. Board of Governors, 136 F.R.D. 417, 420 (M.D.N.C. 1991). Moreover, the amendments to Rule 5(b), which were adopted April 23, 2001, and will most likely take effect on December 1, 2001, address this exact issue. The proposed amendment states, in pertinent part:

> Service under Rule 5(a) is made by:
>
> (D) Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

Proposed Rule 5(b)(2)(D), Federal Rules of Civil Procedure (2001), Exhibit 9 attached to Declaration of Misti Nelc; see also, Advisory Committee Note to Proposed Amended Rule 5(b) ("The consent [under

Rule 5(b)(2)(D)] must be express, and cannot be implied from conduct.").

Although the above Advisory Committee Note may change the process for service by telefacsimile, where express consent exists for such service, the Courts have favorably entertained arguments regarding estoppel and waiver in cases such as here. For example, in Salley v. Board of Governors, supra at 420-21, the Court stated:

> Because the discovery requests were not properly served and discovery has ended, defendants have no duty to respond to the discovery unless plaintiff can show exceptional good cause. The Court finds such circumstances do exist in this case. First, defendants had actual notice and receipt of a copy of the discovery requests within the time which they would be required to respond if the discovery had been properly served. However, actual notice by a means other than that authorized by Rule 5(b) does not constitute service and is not an exception to the rule. Cumberland Federal Sav. & LC. v. Rangel, 1988 WL 116838 (N.D. Ill. 1988). Therefore a party must advance some other compelling circumstance, in addition to actual notice in order to have the Court excuse noncompliance with Rule 5(b). Plaintiff does this by showing defendants had permitted plaintiff to serve her discovery requests through fax transmissions on prior occasions without objections.

See also, Switzer v. Sullivan, supra at *3 ("The Court finds defendants waived their right to insist on compliance with Fed. R. Civ. P. 5(b) where they received actual notice by delivery of a copy of the discovery through fax transmission and where defendants, through their prior conduct, implicitly agreed to service through fax transmission.").

Here, Multi-Tech does not contend that it did not receive actual notice of the Requests for Admission on July 23, 2001, which was

the day on which the Requests were telefaxed. However, it claims that it never waived its right to require strict compliance with Rule 5(b) so as to accept service by telefacsimile. Rather, although discovery requests were often transmitted by fax, Multi-Tech contends that such a practice was simply a courtesy between the parties.

We find, however, that Multi-Tech did, at least implicitly, agree to service by telefacsimile. Net2Phone has identified a number of instances in which Multi-Tech accepted service by telefacsimile, which was specifically denoted as such on the Affidavit of Service, without complaint. While we also recognize that the service by telefacsimile was also accompanied by service by mail or by hand, on at least two occasions, service was effected by "facsimile and Federal Express," see, Exhibits 1 and 3 to Declaration of Steven C. Tabackman, neither of which are accepted, by most Courts, as effective service under Rule 5(b). See, Magnuson v. Video Yesteryear, supra at 1430 (addressing issue of service by Federal Express, and determining that such service does not comply with Rule 5(b)), and cases cited therein. However, Multi-Tech did not object to such service. Thus, as Net2Phone argues, we find that, through its course of dealing with Net2Phone, Multi-Tech has waived its right to expect strict compliance with Rule 5(b). To hold otherwise, penalizes a party for relying upon a means of

service found acceptable, on prior occasions, by an opposing party. Had Multi-Tech made its objection to service by telefacsimile known to Net2Phone previously, this issue would not now be before us. Therefore, to the extent that the Requests for Admission do not deal with issues of claim construction, Multi-Tech is instructed to respond to the requests.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion for a Protective Order and to Stay Discovery [Docket No. 40] is GRANTED, in part, as detailed in the text of this Order.

2. That the Defendant's informal Motion to Compel is GRANTED in part, as detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE