UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. ORDER

Net2Phone, Inc.,
a Delaware Corporation,

Defendant. Civ. No. 00-1627 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of November, 2001.

* * *

On November 8, 2001, the Court heard argument on the Defendant's Motion to file a Second Amended Answer. At the time of the Hearing, the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech") appeared by Kevin D. Conneely, Esq., and the Defendant Net2Phone, Inc. ("Net2Phone"), appeared by Steven C. Tabackman, Esq. For reasons which follow, we deny the Defendant's Motion to file a Second Amended Answer.

Net2Phone seeks leave to file an Second Amended Answer, in order to add a defense of patent misuse with respect to United States Patent No. 5,600,649 ("'649 Patent"), and to add the following counterclaims: seeking a Declaratory Judgment of invalid-

FILED NOV 29 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

ity as to each of the four patents-in-suit; seeking a Declaratory Judgment of non-infringement as to each of the four patents-in-suit; and seeking a Declaratory Judgment of unenforceability as to the '649 Patent on the ground of patent misuse. Multi-Tech opposes the proposed amendment, both as being untimely, and as being futile.[1]

A. Standard of Review. When a party seeks to amend its pleading, Rule 15(a), Federal Rules of Civil Procedure, dictates that leave to amend shall be "freely given when justice so requires." DeRoche v. All American Bottling Corp., 38 F. Supp.2d 1102, 1105-06 (D. Minn. 1998). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, ARE Sikeston v. Weslock National, Inc., 120 F.3d 820, 832 (8th Cir. 1997); Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

---

[1]As we conclude that the proposed amendment is indeed untimely, we do not reach the asserted futility of the amendment.

Although we begin with a presumption of liberality, the right to amend is not absolute, see, Floyd v. State of Missouri Dept. of Social Services, 188 F.3d 932, 939 (8th Cir. 1999), and an amendment to a pleading can be successfully challenged on the grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted. See, Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989); Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983); but cf., Karl's Inc. v. Sunrise Computers, Inc., 901 F.2d 657, 660 (8th Cir. 1990)("colorable showing" sufficient to withstand application of clearly frivolous rule).

Where, as here, the deadline for the amendment of pleadings has since expired, the propriety of the Motion for leave to amend "is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). Under Rule 16(b), a Court's Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." See also, Notes of Advisory Committee on 1983 Amendment to Rule 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot

reasonably be met despite the diligence of the party seeking the extension."). As the Court expressed, in Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1198-99 (N.D. Iowa 1994):

> A scheduling order is an important tool in controlling litigation. Jochims v. Isuzu Motors, Ltd., 145 F.R.D. 507, 510 (S.D. Iowa 1992). A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). Scheduling orders have become increasingly critical to the district court's case management responsibilities because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars." Id. The Court in Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990), also observed that the flouting of discovery deadlines causes substantial harm to the judicial system.

Indeed, "[w]e doubt that it can be seriously questioned that '[adherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American Steamship Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, supra at 1199.

B. Legal Analysis. We first note that there is some confusion, on the part of Net2Phone, concerning the deadline for amending the pleadings. Our Scheduling Order, which is dated October 17, 2000, set the deadline for the amendment of pleadings at "thirty days after the close of fact discovery." Fact discovery

was set to end on August 22, 2001. However, as of August 22, 2001, there were still some outstanding discovery issues, and the Court consequently heard Motions -- which were advanced by Multi-Tech -- on those issues on September 27, 2001. As a result, Net2Phone argues that the end of fact discovery would extend to at least September 27, 2001, the day on which we orally ruled on the outstanding Motions, if not later, for Net2Phone contends that Multi-Tech has still not produced some of the requested documents. Thus, Net2Phone believes that the deadline for amending the pleadings was October 27, 2001, but asserts that there was good cause for holding the Hearing after the deadline, as it was unable to secure a Hearing date for this Motion before that deadline, even though it attempted to do so. Prior to September 22, 2001, however, Net2Phone did not attempt to secure a Hearing date for this Motion.

There was a limited exchange at the Hearing of September 27, 2001, which related to the end of discovery, and the deadline for the amendment of the pleadings, and which included the following colloquy:

> Counsel for Net2Phone: Your Honor, I think it's -- if I could start with one preliminary matter just as Mr. Schutz [i.e., counsel for Multi-Tech] did. One thing this dispute has sort of put a cloud over is when should the "official close of discovery" be for purposes of Net2Phone's ability to file amendments to

> its answer? Obviously, here we are at the end of September and the date in the order was August 22nd, and yet these discovery issues remain hanging out there. I would ask, Your Honor, that whatever else you do today that you include in your order some affirmative statements identifying the date, be it a date certain, for instance --
>
> The Court: I want to be reactive on that. Obviously Rule 16 allows you modification of the scheduling order upon a showing of good cause. * * * So if there's anything specificity you wanted to --
>
> Net2Phone: Two weeks from now when --
>
> The Court: You'll never find that my door is closed. If you and Mr. Schutz have a specific suggestion, I think I've signed more than a handful of orders changing dates in this and the paralleling cases. I'm not ill-disposed to do so if there's good cause for it. * * *

Transcript of September 27, 2001 Hearing, at 20-21, Exhibit A attached to Declaration of Joseph A. Mandernach.

As is clear from the transcript, at no point did we advise Net2-Phone that we were adjusting the close of fact discovery, or that the deadline for amending the pleadings would flow from the date of that Hearing. In fact, we specifically said that we would amend our Pretrial Order only upon a showing of good cause. Nonetheless, Net2Phone has not attempted, in its Motion papers, to argue good cause for the leave to amend it requests. Rather, it solely relies upon the more indulgent standard of Rule 15(a).

We do not accept Net2Phone's contention as to the proper deadline for amending the pleadings. Although the Pretrial Order in

this case did not set a date certain for the amendment of pleadings deadline, at the request of the parties, we tied that deadline to the close of fact discovery, which did have a date certain. Therefore, since the close of fact discovery was August 22, 2001, the deadline for amending the pleadings was thirty days later -- or September 21, 2001. Contrary to Net2Phone's assertion, we have never allowed the close of discovery to be extended by the mere filing of a Motion to Compel, or some other discovery Motion. To do so would be to encourage such Motions for no other purpose than to generate additional discovery requests. If, as we earlier forewarned, there was good cause for an extension in the deadlines that Net2Phone now requests, it is not a showing that Net2Phone has demonstrated. Accordingly, we consider Net2Phone's Motion which, properly framed, is a Motion to Modify the Pretrial Schedule, under the "good cause" standard of Rule 16(b). See, Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)("It is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation," but, "[a]s regards case management orders * * * the Federal Rules set a less forgiving standard," as "Federal Rule of Civil Procedure 16(b) specifies that such an order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'").

Conspicuously absent from any of Net2Phone's arguments in support of its Motion to Amend is any showing that it received new information after the deadline for fact discovery, on August 22, 2001, or after the deadline for amending the pleadings, on September 22, 2001, which would have precipitated any need to amend its Answer or Counterclaims. The showings are to the contrary. First, in regard to the Counterclaims of non-infringement and invalidity, Net2Phone clearly knew the information needed to assert the proposed Counterclaims well before the noted deadlines, as Net2Phone concedes that the "facts and legal issues that underlie the counterclaims are no different from those raised in the complaint." Net2Phone's Memo-randum of Law in Support of Its Motion for Leave to Amend its Amended Answer, at 2. Moreover, Net2Phone does not dispute that it had the information underlying its proposed affirmative defense and Counterclaim of patent misuse, as early as April of 2001, and as late as August of 2001 -- which would have afforded it a sufficient opportunity to seek to amend within the governing deadline. Instead, Net2Phone appears to have chosen to delay the filing of this Motion, and allowed the governing deadline to pass. Pure delay, whether caused by litigation strategy, or inadvertence, does not equate with good cause. Here, we find it telling that, even though Net2Phone has offered no showing that it received additional information, which

was critical to its proposed amendment, after the referenced deadlines, it now believes that the information is sufficient, under Rule 11, Federal Rules of Civil Procedure, to permit the amendment it seeks. If the same quantum and quality of information supports an amendment at this time, surely it would have supported the same amendment on a timely basis. Beyond the absence of "good cause," we cannot overlook the prejudice that would befall Multi-Tech, through a reopening of discovery and any attendant expert disclosures and Motion practice, were leave to amend granted. Given the Record presented, we are persuaded that, if the amendments were critical to Net2Phone's defenses, or Counterclaims, they would have been sought on a timely basis. Therefore, we deny Net2Phone's Motion to file a Second Amended Answer, as untimely.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to File a Second Amended Answer [Docket No. 50] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE