UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. ORDER

Net2Phone, Inc.,
a Delaware Corporation,

Defendant. Civ. No. 00-1627 (ADM/RLE)

* * * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 10th day of June, 2001.

* * *

On May 21, 2001, the Court heard argument on the Plaintiff's Motion to Compel, in which the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech"), requests the Court to issue an Order compelling the Defendant Net2Phone, Inc. ("Net2Phone"), to produce information regarding its election to use the advise of counsel defense against Multi-Tech's charge of willfulness. Specifically, Multi-Tech seeks an Order: 1) directing Net2Phone to identify whether it has any opinions of counsel relating to Multi-Tech's patents-in-suit; 2) directing Net2Phone to make an election on whether it will rely on such opinions as a defense in this case; and 3) if it is going to rely on such opinions, directing Net2Phone to disclose such opini-

99

FILED JUN 10 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

ons to Multi-Tech. Moreover, if Net2Phone is electing to use an advise of counsel defense, Multi-Tech requests leave to take limited discovery relating to that defense. At the time of the Hearing on the Motion, Multi-Tech appeared by Misti Nelc, Esq., and Net2Phone appeared by Kenneth Cuccinelli, Esq. For reasons which follow, we deny Multi-Tech's Motion as premature.[1]

---

[1]At the outset, we note that Net2Phone states that it does not have any opinions of counsel "regarding the patents in suit from any time before this lawsuit was filed." Net2Phone Inc.'s Memorandum of Law in Support of Its Opposition to Multi-Tech's Motion to Compel, at 3 ("Net2Phone's Memorandum"). Moreover, if there is a finding of infringement, and willfulness becomes an issue, Net2Phone states that it "will defend against any willfulness charge by relying on the reasonableness of its vigorous defense -- without revealing its attorneys' work product." Id. On the other hand, even if Net2Phone does not intend to use advise of counsel as a defense, Multi-Tech argues that it should be advised of the existence of any such opinions, as many Courts have allowed a negative inference when a party has obtained an opinion, but has not presented it as a willfulness defense. See, Fromson v. Western Litho Plate & Supply Co., 853 F.2d 1568, 1572-73 (Fed. Cir. 1988). The Court in Fromson specifically stated:

> Where the infringer fails to introduce an exculpatory opinion of counsel at trial, a court must be free to infer that either no opinion was obtained or, if an opinion were obtained, it was contrary to the infringer's desire to initiate or continue its use of the patentee's invention.

Id.

However, in this case, Net2Phone asserts that it did not know about Multi-Tech's patents until the commencement of the litigation. See, Net2Phone's Memorandum, at 5 n.2. As such, there is authority for the proposition that, "[w]here a party's first notice of alleged infringement is the Complaint itself, it would elevate form
(continued...)

Our Scheduling Order, which is dated October 17, 2000, set the discovery deadline as August 22, 2001, and the deadline for amending the pleadings at thirty days thereafter, or approximately September 22, 2001. Docket No. 11, at 11-12. Multi-Tech's assertion of willful infringement was not in its original Complaint, but was added in late August of 2001, after we granted its Motion to Amend. See, Multi-Tech Systems, Inc. v. Net2Phone, Civ. No. 00-1627, Order (D. Minn. August 28, 2001) [Docket No. 43]. At that time, although the discovery deadline had passed, Multi-Tech did not request additional time to conduct discovery on the claim of willfulness. Rather, as we stated in our Order:

> [T]his amendment does not extend the other deadlines in the Pretrial Order, such as the discovery deadline, so, as the discovery deadline has just passed, any party who needs additional discovery due to this amendment, or any other reason, will need to obtain leave from the Court. In this instance, we cannot

---

[1](...continued)
over substance to require the Defendant to obtain a legal opinion separate from that of the attorneys it retains to defend it in the litigation, and it would be improper to permit an adverse inference to be drawn from the absence of such an opinion." ADI Group, Inc. v RD Offutt Co., 153 F. Supp.2d 1078, 1079 (D. Minn. 2001). Thus, "where a party's first knowledge of the patent is the commencement of litigation, evidence of its reliance on the opinion of counsel comes in the form of the defense it undertakes at trial, and these opinions of trial counsel are not required to be disclosed." Id. Consequently, while there may well be a claim that Net2Phone does not have to turn over any post-litigation opinions of counsel, we will not address this argument more fully because we conclude that, at this time, Multi-Tech's Motion is premature.

> conceive of who, other than Multi-Tech, would need discovery on this issue, and Net2Phone has not identified any discovery that it requires.

Id. at 4.

Although not precisely framed as such, in practical effect, Multi-Tech is now seeking discovery on its claim of willfulness.

According to Multi-Tech, as early as September of 2000, it requested Net2Phone to "[p]roduce all opinions of counsel obtained with respect to infringement, validity or enforceability of the Multi-Tech patents in suit." Ex. 1, at 7, Declaration of Misti Nelc.[2] Of course, this request was prior to Multi-Tech's assertion of willfulness, and Net2Phone responded, "[s]ubject to the objections noted above, there are not believed to be any such documents." Ex. 2, at 7. The "objections noted above" were Net2-Phone's general list of objections at the beginning of its discovery responses, including an objection based on the attorney-client or work-product doctrine. Id. at 1. Net2Phone's response was similar with respect to Multi-Tech's request for "each and every analysis of any of the Multi-Tech patents * * *." Ex. 3, at 5-6; Ex. 4, at 5.

Multi-Tech continued to seek confirmation from Net2Phone, on July 23, 2001, that Net2Phone did not possess any advice of counsel

---

[2]Unless otherwise stated, all Exhibits referenced are attached to the Declaration of Misti Nelc.

opinions or analyses that it was going to rely upon. See, Ex. 5, at 5-8 (requests to admit); Ex. 6, at 5-11 (stating that "Net2Phone has not yet determined whether it will waive its privilege in the absence of a claim of willful infringement * * *"). Further, on August 1, 2001, Multi-Tech wrote Net2Phone, stating as follows:

> Once willful infringement is alleged, we expect Net2Phone to comply with its obligations to identify on a privilege log any and all opinions of counsel Net2Phone has received regarding Multi-Tech's infringement allegations. Even if Net2Phone chooses not to waive privilege, Multi-Tech has a right to know the non-privileged details about the existence of any such opinions of counsel. Moreover, if Net2-Phone makes an election to waive privilege and rely upon any opinions of counsel, Multi-Tech expects the opportunity for full discovery within the scope of the waiver, including production of the opinion(s) themselves, other documents relating to the creation of the opinions, and corporate and/or individual Net2Phone witness depositions regarding its reliance upon such opinions of counsel.

Ex. 8, at 1.

As we have noted, Multi-Tech's claim of willful infringement was officially raised in the case in late August of 2001.

Finally, on February 27, 2002, Multi-Tech requested, in writing, that Net2Phone supplement any of its previous discovery responses, in compliance with Rule 26(e), Federal Rules of Civil Procedure,[3] and further mentioned the fact that Net2Phone had yet

---

[3]Rule 26(e) provides, in pertinent part:

(continued...)

to make an election at to whether it would assert an advice of counsel defense. Ex. 10, at 3. Net2Phone responded with the following:

> The question of willfulness was not added to this case until after the period for discovery was closed. Whether or not you let us know of your intention to add it prior is not relevant. It was not an area in which discovery was proper at the time your discovery requests were made, so the fact that you made the requests earlier is irrelevant. As the Magistrate made clear in the hearing, his allowance of the allegation of willful infringement was not permission to obtain additional discovery in that area. He indicated that you would have had to make a separate motion for that along with a showing of good cause. In fact, in light of your insistence in this area, we will likely be filing a motion in limine to

---

[3](...continued)

> Supplementation of Disclosures and Responses. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> * * *
>
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

> exclude any negative inference in light of the fact that we did not produce an opinion.

Ex. 11, at 4.

Consequently, the crux of the dispute between the parties is that once we allowed Multi-Tech to amend its Complaint, Multi-Tech felt that Net2Phone had a duty to supplement its responses. If no such advice of counsel opinions or analyses exist, or Net2Phone does not intend to use such opinions or analyses, then Multi-Tech would prefer a confirmation of that fact. Of course, if Net2Phone does intend to use advice of counsel as a defense, then Multi-Tech seeks to compel it to turn over any such documents, and to be able to conduct additional discovery on that issue.

In turn, Net2Phone contends that our allowance of the Amended Complaint did not require it to scour through previous discovery requests in order to determine whether any of its prior responses had to be updated due to the newly added allegations. Rather, Net2Phone contends that Multi-Tech must seek an extension of the discovery deadline, with the attendant showing of good cause, in order to pursue such discovery, and argues that it has not made such a showing. We agree.

Although Multi-Tech did propound previous discovery requests which would, in hindsight, require production of information regarding Net2Phone's use of an advice of counsel defense, those requests were served well before willfulness was in the case, which

occurred after the close of fact discovery. Consequently, information regarding advice of counsel was not discoverable at that time because it was not relevant to the issues in contest. Multi-Tech does not provide any support for the proposition that Net2-Phone had a duty to supplement its responses under these circumstances, and our independent research has revealed none. Moreover, we cannot conclude that Rule 26(e) contemplates supplementation where the pertinent discovery was not relevant until after Multi-Tech amended its Complaint, and discovery had closed. Were we to order the supplementation, then Multi-Tech simply skirts the discovery deadline without the normally required showing of "good cause." Since Multi-Tech's requests were made prior to its addition of the claim of willfulness, the information Net2Phone disclosed is not "incomplete or incorrect," within the meaning of Rule 26(e) and, therefore, Net2Phone did not have an obligation to provide the discovery requested as a "supplementation" to its previous discovery responses.

Properly framed, Multi-Tech is requesting an extension of the discovery deadline, which passed nine months ago. Resultantly, it must show good cause for such an extension. In fact, we did have a fairly lengthy discussion at the Hearing, on Multi-Tech's Motion to Amend the Complaint, in which we made it abundantly clear that if Multi-Tech sought any discovery on the claim of willfulness, or

on any other issue, good cause would have to be shown. See, Ex. 1 to Declaration of Kenneth T. Cuccinelli, at 5-7. Specifically, we stated:

> NET2PHONE: Your Honor, I guess there are two possible ways to look at this. The -- the complaint can be amended to include willfulness but discovery cannot be extended or the complaint cannot be amended to include willfulness.
>
> THE COURT: I've already asked you what discovery you're going to do.
>
> NET2PHONE: I'm not saying my discovery, I'm saying discovery of the plaintiff.
>
> THE COURT: They're not asking for additional discovery. That's a whole different issue. If they do, then I'd like to see the good cause.

Id. at 7.

Multi-Tech now contends that it has shown good cause because Net2-Phone did not stipulate to the amended Complaint in July of 2001, which would have provided enough time to complete the requested discovery by the close of discovery on August 22, 2001, and because it is not unusual for parties to engage in the claim construction process before making the election to waive the attorney-client privilege and assert the defense of advice of counsel. Multi-Tech does not disclose, however, why it did not raise this issue sooner, as the claim of willfulness was introduced into this case nine months ago.

Even though we have serious reservations about Multi-Tech's delay in seeking the discovery now raised by this Motion, we nonetheless conclude that the present Motion is premature. As we addressed at the Hearing, the District Court, the Honorable Ann D. Montgomery presiding, modified our Scheduling Order in April of 2002. Most notably, the parties' deadline for the exchange of initial expert reports is now thirty days after the District Court rules on claim construction. The District Court took the issue of claim construction under advisement in late April of 2002, and that issue is still pending. Thus, since Net2Phone has acknowledged that any use of an advice of counsel defense would necessarily have to be accompanied by expert testimony, Multi-Tech will receive information regarding Net2Phone's intention to use such a defense when the parties are required to disclose their expert reports. Consequently, although Multi-Tech will not receive Net2Phone's position on the advise of counsel defense until later, it will in fact receive the information through the expert report disclosures and any subsequent expert depositions. Accordingly, we conclude that Multi-Tech's Motion to Compel must be denied as premature.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Compel [Docket No. 82] is DENIED as premature.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

*Featured Speakers Include:*

**District of Minnesota**

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

**United States Bankruptcy Court**
**District of Minnesota**

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

**MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION**

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | Registration |
| 8:00-8:15 | Opening Remarks and Welcome, *Judge Ann D. Montgomery* |
| 8:15-9:00 | Securities Law Issues in the Wake of Enron, *Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)* |
| 9:00-9:45 | Current Issues in Employment Law, *Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)* |
| 9:45-10:00 | Morning Break |
| 10:00-10:45 | Current Initiatives in the U.S. Attorneys' Office, *Tom Heffelfinger (U.S. Attorneys Office)* |
| 10:45-11:45 | Discovery Disputes: Professionalism in the Practice of Law?, *Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,* |
| 11:45-12:45 | Lunch (Room 211) |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | The Clerk's Office Can Be Your New Best Friend, *Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon* |
| 1:30-2:15 | How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How, *Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)* |
| 2:15-3:15 | Issues in the Wake of 9/11: Racial Profiling -- *Daniel M. Scott (U.S. Federal Public Defenders' Office)*; Response by the Department of Justice -- *Tony Brown (U.S. Attorneys Office)* |
| 3:15:3:30 | Afternoon Break |
| 3:30-4:15 | Update on Technology Tools for Litigating in Federal Court, *Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)* |
| 4:15-5:15 | Ethics in "Real Life" Practice Situations, *Martin A. Cole (Lawyers Professional Responsibility Office)* |

## *Seminar Registration*

☐ Member $195.00
☐ Non-Member $225.00

Name ____________________
Firm/Employer ____________________
Address ____________________
____________________
____________________
Phone ____________________
E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building