UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. ORDER

Net2Phone, Inc.,
a Delaware Corporation,

Defendant. Civ. No. 00-1627 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of June, 2001.

* * *

On June 13, 2002, the Court heard argument on the Motion of the Plaintiff, Multi-Tech Systems, Inc. ("Multi-Tech"), to Compel Supplementation, and the Motion of the Defendant, Net2Phone, Inc. ("Net2Phone"), to Compel Depositions and Documents. At the time of the Hearing, Multi-Tech appeared by Misti Nelc, Esq., and Net2Phone appeared by Kenneth Cuccinelli and Dereck Richmond, Esqs. For reasons which follow, we grant Multi-Tech's Motion, in part, and we grant Net2Phone's Motion.

A. Multi-Tech's Motion to Compel Net2Phone to Supplement Its Discovery Responses.

Through this Motion, Multi-Tech asks for an Order compelling Net2Phone to supplement its responses to Multi-Tech's

FILED JUN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

discovery requests by: 1) producing responsive documents identified during the depositions of Net2Phone's witnesses; 2) producing all other financial documents responsive to Multi-Tech's document requests; 3) producing e-mails and correspondence relating to the development of CommCenter; and 4) supplementing Net2Phone's response to Multi-Tech's Interrogatory No. 8, and producing documents relied upon in answering Interrogatory No. 8. The specific categories of information were delineated further in Multi-Tech's Motion. See, Plaintiff Multi-Tech's Memorandum in Support of its Motion to Compel Defendant Net2Phone to Supplement its Discovery Responses, at 11-12. The document requests at issue were served on Net2Phone on September 11, 2000, and July 23, 2001. See, Exs. 1, 2, 3, 6 and 7 to Declaration of Misti Nelc in Support of Multi-Tech's Motion to Compel.

At the Hearing, Multi-Tech conceded that much of its Motion is rendered moot as Net2Phone has provided the majority of the requested information. According to Multi-Tech, the only remaining issues concern financial projection as to new product introduction, a license between Net2Phone and Oracle, e-mails exchanged between the developers of CommCenter, and banner ad documents responsive to Multi-Tech's Interrogatory No. 8. We deny the remainder of Multi-Tech's Motion as moot.

In regard to the financial projection documents, Net2Phone maintains that it has produced all relevant documents concerning financial projections as to new product introduction, in accordance with Multi-Tech's request. As such, we must accept its representation, and note that Net2Phone cannot produce what does not exist. Consequently, we deny Multi-Tech's Motion to Compel the production of these documents.

As for the license between Net2Phone and Oracle, Net2Phone contends that the license is simply for software, and is completely irrelevant to this action. As it appears that the license is insubstantial, though, we direct Net2Phone to produce it for Multi-Tech's review. We, therefore, grant Multi-Tech's Motion to Compel the Oracle license and, at the Hearing, we directed Net2Phone to produce the license to Multi-Tech by June 21, 2002. As we specifically noted at the Hearing, the imposed deadline means that the documents should be delivered to the offices of Multi-Tech's counsel by the end of business on June 21, 2002.

Next, we address the e-mails exchanged between the developers of the CommCenter. Net2Phone concedes that these documents are relevant, and that they have, in fact, produced some of the requested documents. It has had technical difficulty, however, in retrieving, copying, and producing, other pertinent e-mails. Net2Phone assured both the Court, and Multi-Tech, that it is work-

ing diligently to produce the remaining correspondence at issue in this request, and that it believes it will be able to accomplish such a production in the next week or so. As such, we grant Multi-Tech's Motion to Compel the e-mails exchanged between the developers of the CommCenter product and, again, directed that Net2Phone produce such documents to Multi-Tech by June 21, 2002.

Finally, in regard to the banner ad documents that are responsive to Interrogatory No. 8, Net2Phone again assured the Court that it produced all such documents in March of 2002, and that there are no more documents to produce. As we noted in regard to the financial projection documents, we cannot compel Net2Phone to produce what it does not possess and, therefore, we deny Multi-Tech's Motion to Compel those documents.

Additionally, in regard to Multi-Tech's Motion, Net2Phone seeks its attorney's fees for having to defend against the Motion because, according to Net2Phone, Multi-Tech did not satisfy the "meet and confer" requirement which, says Net2Phone, is particularly grievous since, at the time Multi-Tech filed its Motion, "every single item requested in its motion had either already been shipped, was being processed for production, or did not exist." Net2Phone's Opposition to Multi-Tech's Motion to Compel Supplementation, at 1. Thus, Net2Phone believes that, had Multi-Tech

conducted a responsible "meet and confer," prior to bringing this Motion, there would have been no need for Court intervention.

While we certainly agree that a responsible "meet and confer" was not conducted in regard to this Motion, we cannot conclude that Net2Phone is without some of the blame. Many of the document requests, and the requests for supplementation, have been outstanding for a substantial period of time, and yet Net2Phone did not take the initiative to "meet and confer" with Multi-Tech about the production of such items, even though it conceded that the supplementation was necessary. Rather, both parties relied on volleys of letters to address their concerns or to state their positions. The "meet and confer" requirement is not a one-way street, and Net2-Phone is just as culpable as Multi-Tech in unnecessarily taxing the Court's resources. As such, we deny Net2Phone's request for attorney's fees and costs in having the defend against this Motion.

B. Net2Phone's Motion to Compel Rule 30(b)(6) Depositions and to Compel Documents.

The first part of Net2Phone's Motion to Compel deals with the continuation of a Rule 30(b)(6) deposition.[1] In accordance

---

[1]Under Rule 30(b)(6), Federal Rules of Civil Procedure, a party can seek information, through deposition testimony, from a corporation, partnership, association, or governmental agency. Specifically:

> A party may in the party's notice and in a

(continued...)

with our Scheduling Order of October 17, 2000, the discovery in this case ended on August 22, 2001. Prior to that time, on July 23, 2001, Net2Phone sent Multi-Tech a Notice of a 30(b)(6) Deposition. See, Ex. 1 to Declaration of Derek Richmond in Support of Net2Phone's Motion ("Richmond Decl."). There were a number of topics noticed, and the deposition was set for August 6, 2001.

Net2Phone subsequently served an Amended Notice of a Rule 30(b)(6) Deposition, which set the date for the deposition as August 22, 2001. See, Ex. 3 to Richmond Decl. Topics 25(h)-(i), and 40, are at issue in this Motion, and it appears that Multi-Tech initially designated Paul Kraska ("Kraska") on those topics. Kraska was unable to provide complete information on these topics,

---

[1](...continued)

> subpoena name as the deponent a public or private corporation or partnership or association or governmental agency and describe with reasonable particularity the matters on which the examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

Rule 30(b)(6), Federal Rules of Civil Procedure.

however. Consequently, at his deposition, the parties discussed the continuation of the deposition:

> NET2PHONE: I think that we're pretty much done, but I want to hold open the 30(b)(6) categories for the questions that Mr. Kraska was unable to answer as to demand for these products.
>
> MULTI-TECH: Just so we can be clear, are you talking about categories numbers --
>
> NET2PHONE: 25 I and then also for 25 H, since he was unable to identify market share by product.
>
> * * *
>
> NET2PHONE: What we're looking for is someone who does.
>
> MULTI-TECH: To the extent that someone exists that would know that.
>
> NET2PHONE: That exists. And, then, again, the open question for category 40 was whether or not there were any other documents that had -- that related to products marked with the patents in suit that had not yet been produced from Mr. Kraska's files.
>
> * * *
>
> NET2PHONE: Actually, now is a good time to make the record clear that this is considered to be -- although Mr. Kraska's personal deposition is now closed, what we have is the continuing 30(b)(6) deposition as it relates to the categories identified in these two notices of depositions, and so the record is clear, at the end of today this same deposition will be held open to finish up with the other people who meet the 30(b)(6) categories as identified by Multi-Tech, but given that it

> was started prior to the close of discovery, we are going to treat it as being one complete deposition for discovery purposes. It that --
>
> MULTI-TECH: That's correct, yes.

Deposition Transcript of Paul Kraska, Ex. 4 to Richmond Decl.

Gene Schweiss ("Schweiss") was apparently offered to respond to these categories, after Kraska could not provide the pertinent information.

Prior to Kraska's deposition on August 22, 2001, Multi-Tech informed Net2Phone, on August 21, 2001, that Schweiss and another individual, Raghu Sharma ("Sharma"), would be available on August 28, 2001, to address some other topics noticed for the 30(b)(6) deposition. See, Ex. 6 to Richmond Decl. Multi-Tech also confirmed that, although the depositions were taking place past the discovery deadline, it considered them timely since they were properly noticed prior to the close of discovery. Id. The depositions were then postponed, on August 27, 2001, because Sharma was not available, and because "it [was] unclear whether [Net2Phone had] the relevant [Voice over Internet Protocol ("VOIP")] gateway documents." Ex. 7 to Richmond Decl. Net2Phone also did not want to make multiple trips to conduct the depositions of Schweiss and Sharma. Id.

Similarly, Jeff Davis was designated to discuss amended topics 1(g) and 2, which had been noticed by Net2Phone, but he was unable

to provide much of the information. See, Ex. 14 to Richmond Decl. Therefore, on August 24, 2001, Net2Phone asked Multi-Tech to provide Hari Arimilli ("Arimilli"), Kevin Hong ("Hong"), and Sharma, in order to address those issues. See, Ex. 8 to Richmond Decl. Multi-Tech agreed to make Arimilli available, but it did not set a date because it was uncertain about his availability. See, Ex. 9 to Richmond Decl.

It does not appear that there was movement by either party to complete these depositions until December of 2001. See, Ex. 11 to Richmond Decl. (e-mail dated January 14, 2002, addressed from Michael Casey, Net2Phone's attorney, to Kevin Conneely, Multi-Tech's attorney, stating that, in December, another attorney for Multi-Tech, Ken Hall, was "supposed to look into when we were going to get to do the remaining 30(b)(6) topics"); Ex. 12 to Richmond Decl. (e-mail dated January 24, 2002, addressed from Michael Casey to Ron Schutz, Multi-Tech's attorney, stating "[a]s I mentioned in our phone call on Monday, I am awaiting a response from Ken Hall on the final segments of the open 30(b)(6) deposition"). Later, Net2Phone noted, on February 1, 2002, that it was "look[ing] forward to finalizing the 30(b)(6) depositions * * *." Ex. 13 to Richmond Decl.

Soon thereafter, on February 18, 2002, Multi-Tech supplied Net2Phone with a copy of the depositions of Schwiess, which were

taken on August 15, 2001, in the DialPad matter, and on October 3, 2001, in the Microsoft matter; and the deposition of Arimilli, which was taken on September 11, 2001, in the Microsoft matter. See, Ex. 5 to Richmond Decl. According to Multi-Tech:

> We are providing copies of these transcripts and corresponding deposition exhibits to meet your previous request for a Net2Phone deposition of Mr. Arimilli, or possibly other past Multi-Tech witnesses as corporate designee. I believe the deposition transcripts and exhibits conducted by others have addressed all the matters in Net2Phone's very similar 30(b)(6) notices. If you believe Net2Phone is still entitled to some scope of deposition testimony from Multi-Tech, please call me so that we can resolve that before thc upcoming deadline for non-dispositive motions.

Id.

Nonetheless, Net2Phone concluded that the categories it was interested in were not addressed in the depositions. See, Ex. C to Declaration of Misti Nelc in Opposition to Net2Phone's Motion ("Nelc Decl.").

On May 20, 2002, Net2Phone renewed its request for the continued Rule 30(b)(6) deposition of Schweiss and Arimilli. See, Ex. 17 to Richmond Decl. On May 30, 2002, Multi-Tech, it appears for the first time, took the position that Net2Phone had irrevocably delayed the depositions of Schweiss and Arimilli, and it was therefore not going to produce them. Specifically, Multi-Tech stated:

> As to Net2Phone's late request to depose Hari Arimilli and Gene Schweis, we will not makc

> these two people available nine months after the close of fact discovery. Net2Phone waited four months to follow up on these depositions. Although Multi-Tech offered Mr. Schweis to Net2Phone on August 28, 2001 * * * and although we stated that we would make Hari Arimilli available as a witness * * * Net2Phone waited four months before following up on these depositions. Thereafter, we provided to you the deposition transcripts of these witnesses, taken by other defendants on overlapping Rule 30(b)(6) topics. Net2Phone's delay is unreasonable.

Ex. 15 to Richmond Decl.

Net2Phone now seeks to compel Multi-Tech to make Schweiss, Arimilli, and Hong, available to testify pursuant to the still-open 30(b)(6) deposition categories.[2]

In turn, Multi-Tech argues that Net2Phone was not diligent in seeking the depositions, and that we should, as a consequence, deny its Motion to Compel. Specifically, Multi-Tech complains that, although it offered Schweiss for a deposition on August 28, 2001, Net2Phone did not take that deposition because its wanted to depose Arimilli, and any other Rule 30(b)(6) deponents, at the same time.

---

[2]While we conclude that the relevant issue here is the outstanding topics, rather than the particular individuals Net2Phone names in the Motion, we simply note that, as far as we can discern, Multi-Tech never agreed to produce Hong for deposition testimony. Rather, on August 24, 2001, after the problem with Davis' deposition, in which he could not provide information on several of the noticed topics, Net2Phone asked to be allowed to depose Hong, Arimilli, and Sharma. See, Ex. 8 to Richmond Decl. Multi-Tech responded, stating that it would produce Arimilli. See, Ex. 9 to Richmond Decl.

Thereafter, there was little interest in the depositions until December of 2001. Although the end of May of 2002 was the first instance in which Multi-Tech raised its concern about Net2Phone's diligence, Multi-Tech essentially claims that Net2Phone is too late.

While we agree that Net2Phone was not diligent in rescheduling the continued Rule 30(b)(6) depositions on the outstanding topics that Multi-Tech's original designees could not address, we are unable to conclude that its lack of diligence caused Multi-Tech any prejudice. Moreover, Multi-Tech, who was responsible for designating individuals who could address the noticed topics, agreed to the continued Rule 30(b)(6) depositions once the original designees could not address certain topics. There is no contention by Multi-Tech that its agreement to the continued depositions contained some provision which Net2Phone has not abided by, or that Net2Phone otherwise breached the agreement. Similarly, Multi-Tech's claim, that Net2Phone was not diligent, rings hollow, since that claim was first raised in May of 2002. Thus, without any showing of unfairness or prejudice, we conclude that Net2Phone should be allowed to proceed with the unfinished Rule 30(b)(6) depositions on those topics which are still outstanding.

As one final matter, Multi-Tech also sought, at the Hearing, to limit the amount of time for the depositions. When questioned,

Net2Phone expressed its belief that it could complete the depositions, which will apparently involve only two deponents, in two days. Given the topics to be addressed, and the fact that there are two deponents, we conclude that the proposed two day deposition period is reasonable. We remind Multi-Tech, however, that if it appears that Net2Phone is abusing the deposition process by either addressing cumulative or irrelevant information, it can certainly raise its objection at that time, and contact the Court if the parties are unable to resolve their differences after a responsible "meet and confer." Accordingly, we grant Net2Phone's Motion to Compel the continuing Rule 30(b)(6) deposition.

The second and final issue addressed by Net2Phone's Motion is VOIP documents. Specifically, Document Request No. 59 of Net2-Phone's First Request for Production of Documents and Things seeks the following:

> All documents that address or relate in any fashion whatsoever to the MultiVOIP and Multi-VOIP Gatekeeper product including, but not limited to, any and all patent applications in any country.

Multi-Tech objected to this request as unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, according to Multi-Tech, it has produced hundreds of documents related to VOIP, including articles, publications, press releases, e-mails, letters, forms, notes, dia-

grams, illustrations, charts, technical specifications, lists, reports, manuals, presentations, an agreement, invoices, and financial documents. Multi-Tech also supplemented its document production on May 2, 2002, and included discovery which relates to VOIP. Multi-Tech advised Net2Phone on May 7, 2002, as follows:

> In my letter of April 16, 2002, as in previous correspondence regarding VOIP documents, we have only objected to producing all documents on such products. Thus, your second paragraph misstates our position. Indeed, there were no commercial Multi-Tech VOIP products prior to the January 8, 1993 filing of our initial patent application. Thus, in response to your two questions, we have produced documents regarding Multi-Tech's VOIP products in the manner of packaging and product marketing information, but we have not agreed to -- and will not -- produce "ALL documents regarding Multi-Tech's VOIP products." Doing so would be unduly burdensome and a waste of both parties' time. Thus, if you believe that there are additional documents responsive to Net2Phone's previous requests (or categories of such documents) relating to any Multi-Tech VOIP products, please identify them for us. For the present, however, we do not intend to make any further document production in that regard.

Ex. G to Nelc Decl.

In a nutshell, it appears that Multi-Tech has decided to only produce VOIP documents as they relate to packaging and product marketing.

On May 20, 2002, Net2Phone sent a letter offering a compromise concerning the requested VOIP documents. See, Ex. 17 to Richmond Decl. In the letter, Net2Phone requested five categories of

documents relating to the VOIP products. Id. Although Multi-Tech has decided to only produce VOIP documents as they relate to packaging and product marketing, Net2Phone advised the Court that, while its initial request for all VOIP document was admittedly overbroad, the five categories of documents outlined in its letter of May 20, 2002, are relevant to this case, and should be produced. For its part, Multi-Tech cannot say that the documents are not relevant, or that they have been produced. Rather, at the time of the Hearing, it did not even appear that Multi-Tech had explored the categories of information requested in Net2Phone's letter of May 20, 2002. As such, we direct Multi-Tech to produce all relevant documents, not otherwise privileged, which pertain to the five categories listed in the letter of May 20, 2002. As with our previous grant of Multi-Tech's Motion, we direct that the produced information be delivered to the Arlington, Virginia, offices of Net2Phone's attorney by June 21, 2002. To that extent, we grant Net2Phone's Motion to Compel documents.

Finally, we wish to remind the parties that, as a Court determining the propriety of discovery, we are obligated to accept, as truthful, their respective representations that they have searched for relevant documents, in their control or possession, and have produced those documents. Both parties know that the potential sanction for anything less than full disclosure is an

instruction to the Jury on the "spoliation of evidence," unless a more draconian remedy is appropriate, under Rule 37, Federal Rules of Civil Procedure, or under the inherent powers of the Court to preserve its processes.[3]

---

[3]As we have previously expressed:

> [A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable. See, [Marvin] Lumber v. PPG Industries, Inc., 168 F.R.D. 641, 643 n. 1 (D. Minn. 1996). As we have stated elsewhere, "we have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations." Id. It continues to be our view that the failure to produce evidence, without just cause, which is relevant within the context of Rule 26, Federal Rules of Civil Procedure, bears a close relationship to the "spoliation of evidence," and should be sanctioned accordingly. See, id., citing, Sylla Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir. 1995), cert. denied, --- U.S. ---, 116 S.Ct. 84 (1995); Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993); SDI Operating Partnership, L.P. v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992); Scout v. City of Gordon, 849 F. Supp. 687, 690-91 (D. Neb. 1994); Capallupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989); cf., Baker v. General Motors Corp., 86 F.3d 811, 817 (8th Cir. 1996), cert. granted, --- U.S. ---, 117 S.Ct. 1310, 65 USLW 3647 (U.S., March 24, 1997).

Onwuka v. Federal Express Corp., 178 F.R.D. 508, 514 (D. Minn. 1997).

(continued...)

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Compel Supplementation [Docket No. 88] is GRANTED, in part, and DENIED, in part, to the extent outlined in the text of this Order.

2. That the Defendant's Motion to Compel Depositions and Documents [Docket No. 91] is GRANTED, to the extent outlined in the text of this Order.

BY THE COURT:

Raymond L Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

(...continued)
The same cautionary applies here.